UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MICHAEL BOOKER,                      :

                    Plaintiff,       :     14 Civ. 9801 (PAC)(HBP)

     -against-                       :     REPORT AND
                                           RECOMMENDATION
THE CITY OF NEW YORK, et al.,        :

                    Defendants.      :

-----------------------------------X


          PITMAN, United States Magistrate Judge:


          TO THE HONORABLE PAUL A. CROTTY, United States District

Judge,


I.  Introduction


          Plaintiff Michael Booker brings this action pro se

against the City of New York, Elizabeth Ehrlich, Aretha Singh and

David Terhune, alleging that he was denied employment with the

New York City Department of Parks and Recreation ("the Parks

Department") due to his prior criminal convictions in violation

of federal and state law (Amended Complaint, dated March 14, 2016

(Docket Item ("D.I.") 23) ("Am. Compl.")).[1]

_____

          [1]Plaintiff's Amended Complaint and other submissions do not
include page numbers.  Accordingly, citations to plaintiff's
submissions will refer to the relevant paragraph number or, where
                                        (continued...)

By notice of motion dated March 31, 2016, defendants moved for an Order pursuant to Fed.R.Civ.P. 12(b)(6) dismissing the Amended Complaint for failure to state a claim and because plaintiff failed to exhaust his administrative remedies (D.I. 24).  For the reasons set forth below, I respectfully recommend that defendants' motion be granted.

II.  <u>Facts</u>

In the Amended Complaint,[2] plaintiff alleges that on August 27, 2013, plaintiff interviewed for and participated in an orientation for an "on the job training program" with the Parks Department (Am. Compl. ¶ 6).  Plaintiff alleges that, at that time, he was a "recipient of public assistance and was referred

_____

[1](...continued)
there is no paragraph number, to the page number assigned by the Court's electronic filing system.

[2]Plaintiff commenced this lawsuit in January 2014 (Complaint, dated Jan. 20, 2014 (D.I. 1)).  On June 8, 2015, I issued an Order to Show Cause stating that there was "serious doubt as to whether plaintiff has stated a viable claim" and provided plaintiff with copies of two decisions from the Court of Appeals relevant to plaintiff's claims (Order to Show Cause, dated June 8, 2015 (D.I. 17)).  I ordered that, by July 20, 2015, plaintiff either file an amended complaint that addressed the apparent legal deficiencies in the original complaint or otherwise show cause why the action should not be dismissed for failure to state a claim.  In response, plaintiff filed a letter addressed to Judge Crotty, (Letter, dated July 20, 2015 (D.I. 21) ("Plaintiff's July 2015 Letter")), and subsequently filed the Amended Complaint.  Defendants' motion to dismiss the Amended Complaint followed.

to The City via the Human Resource Administration" (Am. Compl. ¶ 6).  As part of the application process, plaintiff disclosed and provided official disposition records concerning his prior criminal convictions (Am. Compl. ¶ 7).  Plaintiff alleges that he has "multiple felony convictions in his record" (Am. Compl. ¶ 16).

On September 4, 2013, the Parks Department notified plaintiff by telephone that his application was rejected "due to his criminal record" (Am. Compl. ¶ 8).  Plaintiff alleges that defendants Elizabeth Ehrlich, Aretha Singh and David Terhune were all "ranking members" of the Parks Department "at or during the time of the violations of the plaintiffs' rights" (Am. Compl. ¶ 5).[3]  Plaintiff wrote letters to each of these defendants "appris[ing] them of the circumstances giving rise to the rejection of [his] employment application and of The City's obligation

---

[3]On January 28, 2015, Judge Crotty dismissed the claims against the individual defendants in their official capacities, leaving the claims against these defendants in their individual capacities (Order, dated Jan. 28, 2015 (D.I. 6)).

to comply with New York State Correction Law Article 23-A"[4] (Am. Compl. ¶ 9).

The Amended Complaint also alleges that on November 18, 2013, plaintiff "filed a Notice of Intent against the New York City Parks and Recreation Department for illegal and unconstitu-

---

[4]Article 23-A of the N.Y. Correction Law, entitled "Licensure and Employment of Persons Previously Convicted of One or More Criminal Offenses," prohibits the denial of employment based upon prior criminal convictions unless certain criteria are met.  Section 752 provides in pertinent part:

> No application for any license or employment, and no employment or license held by an individual, to which the provisions of this article are applicable, shall be denied or acted upon adversely by reason of the individual's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of 'good moral character' when such finding is based upon the fact that the individual has previously been convicted of one or more criminal offenses, unless:
>
> (1) there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought or held by the individual; or
>
> (2) the issuance or continuation of the license or the granting or continuation of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.

N.Y. Correct. Law § 752.  Section 753 of that article provides a list of factors to be considered concerning an individual's prior criminal conviction when making a determination pursuant to Section 752.  N.Y. Correct. Law § 753.

tional denial of the plaintiff's employment application" (Am. Compl. ¶ 11).   The Amended Complaint goes on to state that

> [t]his is a civil rights action in which the plaintiff seeks relief for the defendants violations of his civil rights secured by 42 U.S.C. 1983, 1985, and 2000(e), and the Sixth, Eighth and Fourteenth Amendments of the United States Constitution.   The plaintiff also asserts local Constitutional violations, protected by Article(s) One, Five and Six of the New York State Constitution; to which the Court can exercise supplemental jurisdiction pursuant to 28 U.S.C. 1967.

(Am. Compl. ¶ 1).   In the Amended Complaint, plaintiff seeks as relief, _inter_ _alia_, money damages and the issuance of a "definite statement as to the unconstitutionality of denying a citizen an employment opportunity solely based on the existence of his criminal record" (Am. Compl. at 3-4).

III.   Analysis

    A.   General Pleading
       Standard on a Motion to Dismiss

    The general standards applicable to a motion to dismiss pursuant to Rule 12(b)(6) are well-settled and require only brief review:

> The Supreme Court has established a two-step process for determining whether a plaintiff has pled sufficient facts to overcome a motion to dismiss.   A court must first ignore "mere conclusory statements" or legal conclusions, which are not entitled to the presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing

> Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127
> S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Then, assuming
> the veracity of the remaining facts, "a complaint must
> contain sufficient factual matter . . . to 'state a
> claim [for] relief that is plausible on its face.'"
> Id. (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).
> A claim is plausible "when the plaintiff pleads factual
> content that allows the court to draw the reasonable
> inference that the defendant is liable for the miscon-
> duct alleged." Id. (emphasis added).  While this
> plausibility standard is not "akin to a 'probability
> requirement,'" it "asks for more than a sheer possibil-
> ity that a defendant has acted unlawfully." Id. (quot-
> ing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). Pleading
> facts that are "'merely consistent with' a defendant's
> liability" is insufficient.  Id. (quoting Twombly, 550
> U.S. at 557, 127 S.Ct. 1955).

Pungitore v. Barbera, 506 F. App'x 40, 42 (2d Cir. 2012) (summary

order) (alteration, ellipsis and emphasis in the original).

Further, where, as here, a plaintiff proceeds pro se,

the complaint must be liberally construed to raise the strongest

claims the allegations suggest.  Sykes v. Bank of Am., 723 F.3d

399, 403 (2d Cir. 2013) (per curiam); Tracy v. Freshwater, 623

F.3d 90, 100-02 (2d Cir. 2010) (observing that the "special

solicitude" afforded to pro se plaintiffs includes liberal

construction of papers, "relaxation of the limitations on the

amendment of pleadings," leniency in enforcing procedural rules

and "deliberate, continuing efforts to ensure that a pro se

litigant understands what is required of him").

B.  Application of these
    <u>Principles to the Amended Complaint</u>

1.  <u>Federal Claims</u>

Plaintiff has asserted (1) a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et</u> <u>seq</u>., (2) constitutional claims under 42 U.S.C. § 1983 and (3) related conspiracy claims under 42 U.S.C. § 1985(3) as well as (4) a claim under the Fifth Amendment and (5) a claim under the Eighth Amendment.  As discussed below, the allegations in the Amended Complaint fail to state a claim under any of these federal statutory and constitutional provisions.

a.  <u>Title VII Claim</u>

Plaintiff's Title VII claims should be dismissed because he has not alleged that he is a member of any class that is protected under that statute.  Title VII prohibits discrimination on the basis of an individual's race, color, religion, sex, pregnancy or national origin.  42 U.S.C. § 2000e-2(a)(1).  These categories are known as "protected characteristics" or "protected classes."  <u>Vil. of Freeport v. Barrella</u>, 814 F.3d 594, 606 (2d Cir. 2016).  Plaintiff has not alleged that he is a member of any

of these categories or that he was discriminated against on the basis of membership in a protected class under Title VII.

Title VII does not prohibit discrimination against individuals with criminal records.  See Volpe v. Connecticut Dep't of Mental Health and Addiction Services, 88 F. Supp. 3d 67, 72 (D. Conn. 2015) ("Status in groups outside of one of the named protected classes, such as convicted felons, does not confer a right of action under Title VII.") (citing cases); Brown v. Time Warner Cable, 10 Civ. 8469 (PAC)(RLE), 2011 WL 4549625 at *2 (S.D.N.Y. Oct. 3, 2011) (Crotty, D.J.) (granting motion to dismiss Title VII disparate treatment claim where plaintiff alleged that defendants' discriminatory behavior was motivated by their mistaken belief that plaintiff was a convicted felon); Gillum v. Nassau Downs Reg'l Off Track Betting Corp., 357 F. Supp. 2d 564, 569 (E.D.N.Y. 2005) (granting motion for summary judgment on pro se Title VII claim because "the Plaintiff's status as a convicted felon is not a protected class under Title VII"); Robinson v. Fleetboston Fin., 01-CV-0103 NAM/DRH, 2005 WL 2387839 at *9 (N.D.N.Y. Sept. 28, 2005) ("Plaintiff's status as a convicted felon is not protected under Title VII"); Harris v. N.Y.C. Dept. of Homeless Services Eligibility Investigation Unit, 97 Civ. 0432 (SAS), 1998 WL 205334 at *5 (S.D.N.Y. Apr. 28, 1998)

(Scheindlin, D.J.) ("felons are not a Title VII protected class"), aff'd, 181 F.3d 82 (2d Cir. 1999).

Thus, plaintiff's Title VII claim should be dismissed because plaintiff has not has not alleged that he was discriminated against because he was a member of a class that is protected under that statute.[5]

b. Claims Under 42 U.S.C. § 1983

i. Due Process Claim

Plaintiff's claim under 42 U.S.C. § 1983 ("Section 1983 claim") for violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution should be dismissed because plaintiff has failed to allege that he was denied a constitutionally protected property interest.

_____

[5]Because plaintiff has not alleged that he is part of a protected class, it is not necessary to reach defendants' argument that he failed to exhaust his administrative remedies regarding his Title VII claims.

Further, to the extent plaintiff's Title VII claims are asserted against the individually named defendants, these claims should be dismissed on the independent ground that "individuals are not subject to liability under Title VII." Sassaman v. Gamache, 566 F.3d 307, 315-16 (2d Cir. 2009), quoting Patterson v. Cnty. of Oneida, 375 F.3d 206, 221 (2d Cir. 2004)); see Lore v. City of Syracuse, 670 F.3d 127, 168-69 (2d Cir. 2012); Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam).

The Fourteenth Amendment to the United States
Constitution provides that a State shall not "deprive
any person of life, liberty, or property, without due
process of law."  Amdt. 14, § 1.  In 42 U.S.C. § 1983,
Congress has created a federal cause of action for "the
deprivation of any rights, privileges, or immunities
secured by the Constitution and laws." . . .

The procedural component of the Due Process Clause
does not protect everything that might be described as
a "benefit":  "To have a property interest in a bene-
fit, a person clearly must have more than an abstract
need or desire" and "more than a unilateral expectation
of it.  He must, instead, have a legitimate claim of
entitlement to it."  Board of Regents of State Colleges
v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d
548 (1972).  Such entitlements are, "'of course, . . .
not created by the Constitution.  Rather, they are
created and their dimensions are defined by existing
rules or understandings that stem from an independent
source such as state law.'"  Paul v. Davis, 424 U.S.
693, 709, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)(quoting
Roth, supra, at 577, 92 S.Ct. 2701); see also Phillips
v. Washington Legal Foundation, 524 U.S. 156, 164, 118
S.Ct. 1925, 141 L.Ed.2d 174 (1998).

Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 755-56

(2005).  Although "a written or verbal communication guaranteeing

government employment may, in some circumstances, give rise to

such a property interest," Cancel v. N.Y.C. Human Res.

Admin./Dep't of Social Servs., 527 F. App'x 42, 44 (2d Cir. 2013)

(summary order), "there is no constitutionally protected property

interest in prospective government employment." Abramson v.

Pataki, 278 F.3d 93, 100 (2d Cir. 2002); see also Crenshaw v.

City of New Haven, 652 F. App'x 58, 60 (2d Cir. 2016) (summary

order) (dismissing Section 1983 claim because plaintiff who

10

received "conditional offer" offer of employment from city fire department was "no more than a <u>prospective</u> employee") (emphasis in original).  Furthermore, although plaintiff relies heavily on Article 23-A of the N.Y. Correction Law in his Amended Complaint, the Court of Appeals has held that N.Y. Correction Law §§ 752 and 753 do not create a legally protected property interest in employment.  <u>Cancel v. N.Y.C. Human Res. Admin./Dep't of Social Servs.</u>, <u>supra</u>, 527 F. App'x at 45 n.2 ("reject[ing plaintiff's] argument that N.Y. Correct. Law §§ 752 and 753, which prohibits denying employment on the basis of an applicant's criminal record unless certain conditions are met, created a legally protected property interest in" a position with New York City agency); <u>see also</u> <u>McMenemy v. City of Rochester</u>, 241 F.3d 279, 288 (2d Cir. 2001) ("[T]he fact that state law creates a right to non-discriminatory consideration for a discretionary [appointment] does not create a property interest").

Plaintiff did not have a property interest in prospective employment with defendants because he has not alleged that he was offered and had accepted a position with the Parks Department.  Rather, plaintiff's application for employment was rejected after he "interviewed and participated in an orientation for an on the job training program" (Am. Compl. ¶ 6).  Because plaintiff has failed to allege that he had a constitutionally

protected property interest in employment at the Parks Depart-
ment, plaintiff's Due Process claims should be dismissed.

ii.  Equal Protection Claim

It is not clear whether plaintiff intended to state a
Section 1983 claim for violation of the Equal Protection Clause
of the Fourteenth Amendment in the Amended Complaint nor have
defendants addressed the viability of such a claim in their
papers.  Plaintiff has asserted claims "under the equal protec-
tion clause of New York State[']s constitution" (Plaintiff's July
2015 Letter at 3-4; see also Am. Compl. ¶ 14).  Even if I con-
strue plaintiff's allegations as an attempt to assert an Equal
Protection claim under the United States Constitution, the claim
does not withstand a motion to dismiss.

Where an individual, like plaintiff here, does not
assert that he is a member of a "protected class," he may main-
tain an Equal Protection claim as a "class of one" only if he
alleges that he was intentionally treated differently from other
similarly-situated individuals without any rational basis.
Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000);
Clubside, Inc. v. Valentin, 468 F.3d 144, 158-559 (2d Cir. 2006);
Harlen Assoc. v. Inc. Village of Mineola, 273 F.3d 494, 499-500
(2d Cir. 2001).  However, the "class-of-one theory" is unavail-

able to individuals like plaintiff, who are asserting claims based on an application for public employment.  See Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 607 (2008) (former Oregon state employee could not state a Section 1983 Equal Protection claim for discriminatory discharge because "the class-of-one theory of equal protection has no application in the public employment context"); Conyers v. Rossides, 558 F.3d 137, 151 (2d Cir. 2009) (applying Engquist to find that prospective public employee's "allegation that the TSA did not utilize 'uniform personnel practices while evaluating . . . the initial fielding of the screener workforce,' including in its evaluation of [plaintiff's] own application . . . to be an airport screener" did not state a "class-of-one" Equal Protection claim); Heusser v. Hale, 777 F. Supp. 2d 366, 384 (D. Conn. 2011) (granting motion to dismiss "class-of-one" Equal Protection claim by prospective public employees because "Engquist applies equally to hiring decisions").  Therefore, because "class-of-one" Equal Protection claims are unavailable in the public employment context, plaintiff cannot state a viable federal Equal Protection claim.

c.   <u>Claims Under 42 U.S.C. § 1985</u>

Plaintiff's claim under 42 U.S.C. § 1985 ("Section 1985 claim") should be dismissed because, under the intracorporate conspiracy doctrine, members of a single corporate entity cannot conspire with one another.  Plaintiff's Section 1985 claim is brought under subsection (3) of the statute because he has asserted that the defendants conspired to deprive him of his constitutional rights; plaintiff alleges that "[e]ach named defendant was aware" that plaintiff's "criminal record . . . by itself, does not warrant nor substantiate the denial of his job application" and, thus, "each defendant conspired and engaged in conspirational conduct which resulted in the plaintiff being deprived of his Due Process rights" (Am. Compl. ¶ 10).

"To make out a § 1985(3) claim, the plaintiff must allege a conspiracy between two or more persons." <u>Murphy v. City of Stamford</u>, 634 F. App'x 804, 805 (2d Cir. 2015) (summary order).  "[B]y operation of the intracorporate conspiracy doc-trine, the officers, agents, and employees of a single corporate entity, each acting within the scope of his employment, are legally incapable of conspiring together." <u>Weslowski v. Zugibe</u>, 96 F. Supp. 3d 308, 322 (S.D.N.Y. 2015) (Karas, D.J.) (inner quotation marks and citation omitted), <u>aff'd</u>, 626 F. App'x 20 (2d

14

Cir. 2015) (summary order); accord Murphy v. City of Stamford,
supra, 634 F. App'x at 805 (affirming dismissal of Section 1985
claims against employees of city of Stamford, Connecticut based
on intracorporate conspiracy doctrine); Hartline v. Gallo, 546
F.3d 95, 99 n.3 (2d Cir. 2008) (affirming dismissal of Section
1985 claim against police officers because "'[u]nder the
intracorporate conspiracy doctrine, officers, agents and employ-
ees of a single corporate entity are legally incapable of con-
spiring together'" (citation omitted; alteration in original));
Wright v. Area Supervisor Garfield Zeitler, 14 Civ. 9103 (PAC),
2015 WL 8484565 at *3 (S.D.N.Y. Dec. 9, 2015) (Crotty, D.J.)
(applying intracorporate conspiracy doctrine to dismiss Section
1985 conspiracy claims against parole officers)).

Here, the individual defendants are all employees of
the Parks Department.  Further, plaintiff has not asserted that
they acted outside of the scope of their employment when they
allegedly discriminated against him -- rather, plaintiff's only
allegations against the defendants is that he communicated with
each of them regarding the Parks' Department's rejection of
plaintiff's employment application (Pl. July 20, 2015 Letter at

15

2).  Therefore, plaintiff's Section 1985 claim should be dis-
missed pursuant to the intracorporate conspiracy doctrine.[6]

d.  Double Jeopardy

Plaintiff's claim that he was denied the constitutional
right to be free from double jeopardy when his employment appli-
cation was rejected is without merit and should also be dis-
missed.

The Fifth Amendment to the United States Constitution
states in pertinent part that "nor shall any person be subject
for the same offense to be twice put in jeopardy of life or
limb[.]"  U.S. Const. Amdt. 5.  "The constitutional prohibition
against 'double jeopardy' was designed to protect an individual
from being subjected to the hazards of trial and possible convic-
tion more than once for an alleged offense."  Green v. United
States, 355 U.S. 184, 187 (1957); see Burks v. United States, 437

---

[6]Although defendants have not moved to dismiss plaintiff's
Section 1985 claim on any other basis, plaintiff's Section 1985
claim should also be dismissed for the same reason that his Due
Process claim should be dismissed.  "Without an actual
deprivation of a constitutional right, Plaintif[f] may not
sustain a conspiracy claim [under 42 U.S.C. § 1985] on those
causes of action."  Hardy v. Baird, 13 Civ. 7402 (NSR), 2016 WL
2745852 at *14 (S.D.N.Y. May 10, 2016) (Román, D.J.); see
Weslowski v. Zugibe, supra, 96 F. Supp. 3d at 322 ("because the
Court has already dismissed Plaintiff's § 1983 claims, his § 1985
claim based on a conspiracy to deprive Plaintiff of those rights
is also without merit.").

U.S. 1, 11 (1978) (same).  Although plaintiff's criminal record
was allegedly the basis for the Parks Department's decision not
to hire plaintiff, plaintiff was not subject to a second trial
and conviction when he applied for and was rejected for a posi-
tion with the Parks Department.  Therefore, plaintiff's double
jeopardy claim should be dismissed.[7]

e.  <u>Cruel and Unusual Punishment</u>

        Plaintiff has also failed to assert a viable claim for
violation of the right to be free from cruel and unusual punish-
ment under the Eighth Amendment to the United States Constitu-
tion.  Plaintiff alleges that "[i]n essence, to deny the plain-
tiff a job that he basically [was] qualified for, because of what
is contained in his [criminal] background, without justification,
is indeed a cruel and unusual occurrence" (Am. Compl. ¶ 16).
Plaintiff also asserts that at the time of his application, he
was still on parole and that this is relevant to his Eighth

---

        [7]Plaintiff's Amended Complaint erroneously cites the Sixth
Amendment to the United States Constitution as support for his
double jeopardy claim.  To the extent plaintiff is alleging that
he was denied rights guaranteed to him under the Sixth Amendment,
he has also failed to state a claim because the protections of
the Sixth Amendment apply only in criminal prosecutions.  <u>Eze v.
City Univ. of N.Y. at Brooklyn Coll.</u>, No. 11-CV-2454 (JG)(CLP),
2011 WL 6780652 at *3 n.4 (E.D.N.Y. Dec. 27, 2011).  Plaintiff
was not accused of or prosecuted for any crime in connection with
his job application with the Parks Department.

Amendment claim (Pl. Aff. in Opp. to Def. Motion to Dismiss, dated Apr. 15, 2016 (D.I. 31) at 6 ("the plaintiff can use this status [as a parolee] as being 'under sentence' even though the plaintiff was at liberty, to incorporate his 8th Amendment cruel and unusual punishment claim against the defendant City").

The Eighth Amendment's prohibition against cruel and unusual punishments applies only to the sentence that is imposed in connection with a criminal conviction.

> [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accor- dance with due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.

Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977); Eze v. City Univ. of N.Y. at Brooklyn Coll., supra, 2011 WL 6780652 at *3 n.4 ("the Eighth Amendment applies only to punishments imposed in connection with a criminal conviction").

There is no allegation in the record and no reason to believe that plaintiff's inability to secure employment with the Parks Department was part of his sentence; rather, it appears to be what may be fairly characterized as a collateral consequence of his criminal convictions.  Surprisingly, my research has found no clear precedent addressing whether the Eighth Amendment's prohibition against cruel and unusual punishment extends to a

conviction's collateral consequences.  The Eighth Amendment,
however, operates as a check on the sentence imposed on an
individual in a criminal proceeding, and the Parks Department did
not impose any sentence on plaintiff.  Accordingly, he has no
claim under the Eighth Amendment.

      2.  <u>State Law Claims</u>

      Although defendants have not specifically addressed
plaintiff's state law claims in their motion to dismiss, I
recommend <u>mea</u> <u>sponte</u> that the court decline to exercise supple-
mental jurisdiction over these claims and that they be dismissed
without prejudice.  Plaintiff has not alleged any independent
basis for federal jurisdiction over these claims; rather, plain-
tiff asserts that the court has supplemental jurisdiction over
his non-federal claims pursuant to 28 U.S.C. § 1367 (Am. Compl. ¶
1).  "[A] district court 'may decline to exercise supplemental
jurisdiction' if it 'has dismissed all claims over which it has
original jurisdiction.'"  <u>Kolari v. N.Y.-Presbyterian Hosp.</u>, 455
F.3d 118, 122 (2d Cir. 2006), <u>quoting</u> 28 U.S.C. § 1367(c)(3).
"[I]n the usual case in which all federal-law claims are elimi-
nated before trial, the balance of factors to be considered under
the pendent jurisdiction doctrine -- judicial economy, conve-
nience, fairness, and comity -- will point toward declining to

exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); see, e.g., Obot v. Bailey, 557 F. App'x 96, 96 (2d Cir. 2014) (summary order) (affirming district court's "final judgment sua sponte dismissing [pro se plaintiff's] 42 U.S.C. § 1983 complaint and declining to exercise supplemental jurisdiction over his state law claims"); Peterec-Tolino v. New York, 364 F. App'x 708, 711 (2d Cir. 2010) (summary order) (affirming district court's sua sponte dismissal of pro se complaint and holding that "[b]ecause all the federal claims were properly dismissed, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Appellant's state law claims"). Thus, because I recommend that all of plaintiff's federal claims be dismissed, I further recommend that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims and that they be dismissed.

IV. Conclusion

Accordingly, for all the foregoing reasons, I respect-fully recommend that plaintiff's Amended Complaint be dismissed.[8]

_____

[8]I am not unsympathetic to plaintiff's situation. Rehabilitation is traditionally offered as one of the reasons offenders are incarcerated, and an ex-offender's efforts to re-

(continued...)

V.   Objections

        Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of
the Federal Rules of Civil Procedure, the parties shall have
fourteen (14) days from receipt of this Report to file written
objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and
responses thereto) shall be filed with the Clerk of the Court,
with courtesy copies delivered to the Chambers of the Honorable
Paul A. Crotty, United States District Judge, 500 Pearl Street,
Room 1350, New York, New York 10007, and to the Chambers of the
undersigned, 500 Pearl Street, Room 1670, New York, New York
10007.  Any requests for an extension of time for filing objec-
tions must be directed to Judge Crotty.  FAILURE TO OBJECT WITHIN
FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL**
PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155
(1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.
1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054

_____

        [8](...continued)
enter society, obtain lawful employment and become a tax-paying
citizen should be encouraged and supported.  An ex-offender's
unemployment can lead to nothing good.  As noted in footnote 4,
New York State's laws provide some protection against
discrimination on the basis of an individual's criminal record,
and plaintiff may have a remedy in state court.  A federal court
cannot, however, create rights that do not exist under federal
law.

(2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir.

1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir.

1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983)

(<u>per</u> <u>curiam</u>).


Dated:  New York, New York
        January 13, 2017

                                  Respectfully submitted,



                                  HENRY PITMAN
                                  United States Magistrate Judge


Copies mailed to:

Mr. Michael Booker
464 Nostrand Ave.
Apt. #2B
Brooklyn, New York  11206

Copies transmitted to:

Ryan T. Mangum, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York  10007


                     22