```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 24, 2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL BOOKER,

              *Plaintiff*,

  -against-

THE CITY OF NEW YORK, *et al.*,

              *Defendants.*
------------------------------------------------------------X

14 Civ. 9801 (PAC) (HBP)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* plaintiff Michael Booker brings this action against the City of New York, Elizabeth Ehrlich, Aretha Singh, and David Terhune pursuant to 42 U.S.C. §§ 1983, 1985, and 2000(e); the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution; and Articles One, Five, and Six of the New York State Constitution. He alleges that he was wrongly denied employment with the New York City Department of Parks and Recreation because of his prior criminal convictions.

On March 31, 2016, the defendants moved to dismiss Booker's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. 24. On January 13, 2017, Magistrate Judge Henry Pitman issued a thorough and well-reasoned Report and Recommendation ("R&R") that Booker's Amended Complaint be dismissed. *See* Dkt. 35. On January 31, 2017, the Court received Booker's objections to the R&R, dated January 26, 2017. *See* Dkt. 36. For the reasons stated below, the Court adopts the R&R in full.

**LEGAL STANDARDS**[1]

The Court may "accept, reject, or modify, in whole or in part, the findings or

---

[1] The relevant facts are set forth in the R&R.

1

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). For portions of an R&R to which no objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). "The objections of parties appearing *pro se* are generally accorded leniency and should be construed to raise the strongest arguments that they suggest." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (internal quotation marks omitted).

## DISCUSSION

### I. Review of R&R

Booker's first objection to the R&R is that Magistrate Judge Pitman failed to adequately address whether the defendants violated Article 23-A of the N.Y. Correction Law. While Booker's frustration in gaining employment following his criminal convictions is understandable, Article 23-A does not create a federal right of action, as Magistrate Judge Pitman determined. *See* June 8, 2015 Order to Show Cause (Dkt. 17) at 2 & n.1; R&R at 20–21 n.8. Without some independent basis for federal jurisdiction, Booker's remedy, if any, lies in state court, not federal court.

In his third objection, Booker asserts that the Court should exercise supplemental jurisdiction over his state law claims. A district court may decline to exercise supplemental jurisdiction over a state law claim when it "has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3). As the R&R correctly states, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—

will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Booker urges that supplemental jurisdiction is appropriate here because (1) his "prior attempts at mediating this matter via the state [have] proved futile;" and (2) "the lapse of time since the actual violation . . . does not allow for the re-litigation of the state law claims which have been thoroughly litigated here." Pl's Objections (Dkt. 36) at 6–7. These assertions are insufficient to establish that this is one of the unusual cases where the balance of factors points toward exercising supplemental jurisdiction. First, to the Court's knowledge, Booker has not filed his claims in state court, so it cannot be said that doing so would be futile. Second, because this action is still at the motion to dismiss phase, it is incorrect that Booker's claims have been "thoroughly litigated here." And third, if Booker reasserts his state law claims in state court within six months, he can still use the applicable filing dates in this action for purposes of the statute of limitations.[2] *See* N.Y. Civil Practice Law & Rules § 205(a). Because the Court does not exercise supplemental jurisdiction over Booker's state law claims, it also does not reach the question of whether the defendants violated Article 23-A.

Finally, Booker contends that he exhausted his administrative remedies. This objection appears to be directed at the merits of his Title VII claim. However, the R&R does not reach the defendants' argument that Booker failed to exhaust his administrative remedies. Instead, Magistrate Judge Pitman recommends dismissal of the claim on the basis that Booker has not alleged membership in a protected class. *See* R&R at 7, 9 n.5. Whether Booker exhausted his administrative remedies, then, has no impact on the R&R's analysis that Booker's Title VII

---

[2] The Court advises Booker that if he wishes to reassert his state law claims in the New York State Supreme Court, he has six months from the termination of this action within which to do so. *See* N.Y. Civil Practice Law & Rules § 205(a); *Lehman Bros., Inc. v. Hughes Hubbard & Reed, LLP*, 707 N.E.2d 433, 434 (N.Y. 1998)

3

claim should be dismissed.

The Court reviews those portions of the R&R to which Booker has raised no objection for clear error and finds none. Accordingly, the Court adopts the R&R in its entirety.

## II. Leave to Amend

"Although district judges should, as a general matter, liberally permit pro se litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Village of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). Booker has already had a chance to amend his complaint, and any amendment to his federal claims would be futile. The Court therefore concludes that Booker's federal claims should be dismissed with prejudice.

## CONCLUSION

The Court adopts Magistrate Judge Pitman's R&R in full and grants defendants' motion to dismiss. The Court also dismisses Booker's federal claims with prejudice, and his state law claims without prejudice. The Clerk of Court is directed to close this case.

Dated: New York, New York  
       March 24, 2017

SO ORDERED

PAUL A. CROTTY  
United States District Judge

Copy Mailed by Chambers To:

Michael Booker  
464 Nostrand Ave.  
Apt. #2B  
Brooklyn, New York 11206

4